UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14113-CIV-MIDDLEBROOKS/MAYNARD

ANTRAWN PRICE,

      Petitioner,

v.

SECRETARY, DEPARTMENT OF
CORRECTIONS, STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION ON PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DE 1)

**THIS CAUSE** comes before me upon an Order of Reference (DE 3) and the above Petition. The record consists of the Petition and Memorandum of Law in Support (DE 1), Response (DE 10), Appendix (DE 11), and Reply (DE 14). Having reviewed the record, I **RECOMMEND** that the Petition be **DENIED** for the reasons set forth below.

## INTRODUCTION

Petitioner Antrawn Price ("Petitioner"), a state prisoner at Madison Correctional Facility, filed a Petition for Writ of Habeas Corpus under 42 U.S.C. § 2254 ("Petition") challenging his convictions in 1996 in the Nineteenth Judicial Circuit Court in and for Indian River County, Florida. Petitioner argues that his Petition is timely because he filed a state postconviction motion, which resulted in an amended judgment being rendered on April 2, 2018, and he filed the Petition within one-year of the amended judgment. DE 1 at 1, 4, 22. Respondent argues that the 2018 amendment was ministerial in nature and was entered to correct a prior judgment. DE 10 at 6. Respondent contends, therefore, that the Petition is due to be dismissed as untimely. *Id.* I agree.

Petitioner was charged by Information in May of 1996 with four Counts as follows: I) robbery with a deadly weapon; II) burglary of a structure while armed; III) grand theft while masked; and IV) grand theft of a motor vehicle. DE 1 at 1; DE 11-2. On June 14, 1996, a jury found Petitioner guilty of all counts. DE 11-4. On July 19, 1996, Petitioner was sentenced to life imprisonment as to Counts I and II, to fifteen years imprisonment as to Count III and to five years imprisonment as to Count IV. DE 11-5 at 15-18; DE 11-7. The sentences were set to run concurrent with each other. DE 11-5 at 17-18; DE 11-7. Of note, the judgment entered on July 19, 1996 ("1996 Judgment") reflected Count III as a felony of the second degree. DE 11-7 at 2. On January 30, 1997, an amended judgment ("1997 Amended Judgment") was entered, which changed Count III to a felony of the third degree *nunc pro tunc* to July 19, 1996. DE 11-17. On April 2, 2018, a second amended judgment was entered ("2018 Amended Judgment"), which changed Count III back to a felony of the second degree. DE 11-22.

Petitioner's § 2254 Petition asks the District Court to vacate his judgment and sentence for the following reasons: (1) the trial court erred by not granting continuance of the trial for his newly retained trial counsel to adequately prepare or, alternatively, trial counsel was ineffective for remaining on the case; (2) trial counsel was ineffective for failing to object to statistical testimony by the State's DNA expert, or alternatively Petitioner is "actually innocent" as would be proven by additional DNA testing; (3) the state trial court's upward departure sentence of life imprisonment violated Petitioner's constitutional rights because it was based on the court's subjective notions rather than on the facts and the law; and (4) the cumulative effect of the errors deprived Petitioner of a fair trial. Respondent does not address the merits of Petitioner's claims, but argues instead that the Petition is untimely. The Petition is now ripe for review.

**BACKGROUND**

On the morning of December 20, 1995, at approximately 5:30 a.m., four armed men forcibly entered and robbed a Publix Supermarket in Vero Beach, FL. DE 11-1. There were about 14 employees in the store at the time. *Id.* The employee victims were interviewed, and they stated that the robbers wore face coverings and ordered everyone to lay on the ground. *Id.* at 1, 4, 6-7. One of the robbers became angry with one of the employees lying on the floor and kicked her in the back of the head knocking her teeth out. *Id.* at 7. The same robber also kicked another victim in the face. *Id.* Law enforcement arrived, and an employee advised law enforcement that the robbers had fled out the back door and had headed in a northerly direction. *Id.* at 2, 7. Law enforcement conducted an area search, identified footprints believed to belong to the robbery suspects and followed the footprints to the address of an eyewitness, who identified Petitioner as one of the robbers. *Id.* at 3. The eyewitness advised law enforcement that all four suspects had played cards at her residence the evening before the robbery and had discussed plans for the robbery while playing cards. *Id.* The eyewitness further advised that the four suspects had slept at her residence the night preceding the robbery before awaking at about 4:00 a.m., at which time they left. *Id.* at 4. In addition, the eyewitness advised that all four suspects returned to her residence just before daylight carrying a duffel bag with weapons and money and bragged about having just robbed Publix. *Id.* Moreover, the eyewitness identified a friend who was at her residence during this time period and who independently verified the eyewitness account. *Id.* at 3-5.

Petitioner and another robbery suspect were brought to the Vero Beach Police Station on January 3, 1996 after an officer conducted a traffic stop involving a vehicle in which Petitioner and the other suspect were riding. DE 11-1 at 6. The suspect accompanying Petitioner admitted

to the robbery and provided details. *Id.* at 6-8. Petitioner and the accompanying suspect were then

arrested. *Id.* at 8. The Office of the Public Defender was appointed to represent Petitioner. DE 1

at 6. In the days preceding Petitioner's June 1996 trial, his parents retained private counsel: Mr.

Tad A. Kokoszka. *Id.* Mr. Kokoszka filed an appearance on June 5, 1996 and appeared in court

on Monday, June 10, 1996 for jury selection. *Id.* Petitioner provides a trial excerpt where Mr.

Kokoszka requested a week to further prepare for trial and then asked, ultimately, to have until the

following Wednesday. *Id.* at 11. The excerpt indicates that Mr. Kokoszka was given until

Wednesday morning for trial preparation. *Id.*

The jury convicted Petitioner of all four counts. DE 11-3; DE 11-4. Petitioner was

sentenced to concurrent terms of life in prison on Counts I and II, a concurrent term of fifteen years

in prison on Count III and a concurrent term of five years in prison on Count IV. DE 11-5 at 15-

18; DE 11-7.

Petitioner appealed to Florida's Fourth District Court of Appeal. DE 11-8. He challenged

the trial court's denial of a reasonable continuance for his trial counsel to prepare, and he

challenged the sentence of life imprisonment as an extreme enhancement that was an abuse of the

trial court's discretion. DE 11-9 at 8. The Fourth District Court of Appeal *per curiam* affirmed

Petitioner's convictions and sentencing on October 1, 1997 without written opinion. DE 11-12.

A Mandate issued on October 17, 1997 (DE 11-13), and Petitioner's request for rehearing was

denied on November 13, 1997 (DE 11-15).

On July 28, 1999, Petitioner filed a *pro se* motion for postconviction relief under Florida

Rule of Criminal Procedure 3.850 ("July 1999 3.850 Motion"), challenging his conviction and

sentence on the basis of ineffective assistance of counsel.[1] (DE 11-16). The administrative record

that Respondent filed does not contain the records pertaining to the disposition of Petitioner's July

1999 3.850 Motion. Therefore, I draw from the case of *Price v. State*, 877 So. 2d 917 (Fla. 4th

DCA 2004) and a later brief that the State filed in state court to set forth the motion's history.

*Price* indicates that, "[f]ollowing an evidentiary hearing, [Petitioner] appeal[ed] the denial of his

rule 3.850 motion." 877 So. 2d at 917. On July 21, 2004, the Fourth District Court of Appeal

remanded for a new evidentiary hearing on one claim and otherwise affirmed denial of the motion.

*Id.* at 918. According to the State, another evidentiary hearing was held on or about January 28,

2005, and the state court again denied Petitioner's motion. DE 11-19 at 1. Petitioner appealed,

and the appellate court affirmed the denial on or about March 6, 2006. DE 11-19 at 1.[2]

On January 19, 2018, Petitioner filed a *pro se* motion to correct illegal sentence under

Florida Rule of Criminal Procedure 3.800(a) ("2018 3.800 Motion"). DE 11-18. Petitioner argued

that his sentence was illegal because he was sentenced to a fifteen-year term of imprisonment for

Count III. *Id.* Petitioner noted that an amended judgment was entered in his case on January 23,

1997, which modified Count III from a second degree felony to a third degree felony. A third

degree felony carries a maximum five-year term of imprisonment under Florida law. *Id.* The

Circuit Court of Nineteenth Judicial Circuit in and for Indian River County denied Petitioner's

---

[1] As discussed further *infra*, Respondent argues that Petitioner had until February 11, 1999 to timely file his Petition for federal habeas relief. DE 10 at 4-5. Therefore, Respondent argues that Petitioner's July 1999 3.850 Motion did not toll the one-year limitations period pertaining to federal habeas relief because the motion was filed after the limitations period had run. *Id.* at 6.

[2] Petitioner provides different dates for the disposition of his July 1999 3.850 Motion in his Petition; however, Petitioner acknowledges the same end result—that the highest state court having jurisdiction affirmed denial of the motion. DE 1 at 2-3.

2018 3.800 Motion on March 29, 2018 and ordered the Clerk to amend the judgment and sentence, *nunc pro tunc* to July 19, 1996, to show Count 3 as a second degree felony.  DE 11-21.

The 2018 Amended Judgment was issued on April 2, 2018.  Based on that date, Petitioner argues that his federal habeas Petition, filed on March 28, 2019, is timely because it is filed within one year of the new judgment.  DE 14 at 1.

## TIMELINESS

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). The time limits for filing an application for habeas relief from a state conviction under the statute are set forth in 28 U.S.C. § 2244(d), which provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, "AEDPA requires that a state prisoner seeking habeas relief under Section 2254 bring his federal petition within a year from the date that his state conviction becomes 'final,' either by the conclusion of his direct review or the expiration of time to seek such review." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing 28 U.S.C. § 2244(d)(1)(A); *Carey v. Saffold*, 536 U.S. 214, 216 (2002)). The "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

A Florida prisoner's conviction becomes "final 90 days after the Florida district court of appeal affirm[s] his conviction" where a "prisoner could have sought review in the Supreme Court of the United States without first seeking review in the Supreme Court of Florida." *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006) (citation omitted). This is so because a "defendant has 90 days from the judgment of the state court of last resort to file a petition for a writ of certiorari in the Supreme Court of the United States." *Id.* at 1299. The Florida Supreme Court has held that it lacks jurisdiction to review a district court of appeal *per curiam* affirmance that is without written opinion. *Wells v. State*, 132 So. 3d 1110, 1112 (Fla. 2014) (citations omitted). Therefore, "a district court decision rendered without opinion or citation constitutes a decision from the highest state court empowered to hear the cause, and appeal may be taken directly to the United States Supreme Court." *Fla. Star v. B.J.F.*, 530 So. 2d 286, 288 (Fla. 1988).

Here, the Fourth District Court of Appeal *per curiam* affirmed Petitioner's convictions and sentencing on October 1, 1997 without written opinion. DE 11-12. The Mandate issued on October 17, 1997, and Petitioner was denied a rehearing on November 13, 1997. In Florida, if a

rehearing petition is timely filed in the lower court, then the time to file a petition for a writ of certiorari runs from the date of denial of rehearing or subsequent entry of judgment, as applicable. *Quilling v. Sec'y, Dep't of Corr.*, No. 8:14-CV-1467-T-36TGW, 2017 WL 1957477, at *3 (M.D. Fla. May 11, 2017) (citing the timing rule in Florida for petitioning a writ of certiorari pursuant to Sup. Ct. R. 13.3).   Therefore, Petitioner had 90 days from denial of the rehearing, or until February 11, 1998, to file a petition for a writ of certiorari in the Supreme Court of the United States. *Quilling*, 2017 WL 1957477 at *3.   Thus, Petitioner's conviction became final on February 11, 1998 for purposes of the limitations period for filing a federal habeas petition.  *Pugh*, 465 F.3d at 1299-1300.   Under the federal habeas statute, Petitioner had one year from the date that his conviction became final, or until February 11, 1999, to file his habeas petition.  *Jones*, 906 F.3d at 1342.

Additionally, "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."  *Burton v. Stewart*, 549 U.S. 147, 156 (2007).  Therefore, a petitioner's limitation period does not begin until both his conviction *and his sentence* become final by either the conclusion of direct review or the expiration of the time to seek such review.  *Id.* at 156-57.  Even so, an order amending a sentence that is "merely the correction of a clerical error in the original order [does] not reset the limitations period."  *Byrd v. Riverbend*, 648 F. App'x 881, 883 (11th Cir. 2016).  Similarly, courts find that a change in the written judgment that is merely clerical because it only corrects what is essentially a scrivener's error does not restart the one-year limitation provision of § 2244(d).  *Young v. Tucker*, No. 3:11cv251/MCR/EMT, 2012 WL 1605893, at n.2 (N.D. Fla. Mar. 20, 2012), *report and recommendation adopted*, No. 3:11CV251/MCR/EMT, 2012 WL 1605887 (N.D. Fla. May 8, 2012) (collecting cases).  Moreover, the one-year limitations period is tolled during the time in which a properly filed application for collateral or State

postconviction review is pending. *Jones*, 906 F.3d at 1342 (quoting 28 U.S.C. § 2244(d)(2)). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here, Petitioner argues, in effect, that his conviction and sentence were not final until April 2, 2018 when an amended judgment was entered, which modified the 1997 Amended Judgment. DE 14 at 1. Petitioner also argues that he properly filed his 2018 3.800 Motion under Florida law challenging his fifteen-year sentence for Count 3 because the 1997 Amended Judgment reflected Count 3 as a third degree felony. *Id.* at 1-2. Petitioner further argues that the fifteen-year sentence was illegal because Florida law does not permit a fifteen-year term of imprisonment for a third-degree felony, and the state court corrected the illegality at the State's suggestion by changing the degree of the offense. *Id.* at 2. Petitioner distinguishes his situation from the facts of *Byrd v. Riverbend* by arguing that the 2018 Amended Judgment in his case changed the degree of the offense rather than the sentence. DE 14 at 3 (citing 648 F. App'x 881).

Plaintiff's arguments to support that he timely filed his Petition are unavailing. Indeed, the state court entered an amended judgment in 2018, which changed Count 3 from a third-degree felony to a second-degree felony. DE 11-22. In doing so, however, the state court noted that the judgment was "AMENDED TO CORRECT CT3 DEGREE." *Id.* Thus, the state court clearly identified that the amendment was for purposes of correction. In addition, the state court's order denying Petitioner's 2018 3.800 Motion to correct an illegal sentence explained that "[t]he Indian River County Clerk is unable to find an order or an explanation supporting th[e] [1997] amendment" of Petitioner's judgment and sentence, which had modified Count 3 from a second-degree felony to a third-degree felony. DE 11-21. The state court found that "[t]he record supports that count 3 is a second degree felony punishable by up to 15 years in prison because the Defendant

was convicted of third degree grand theft while masked." *Id.* Therefore, the state court held that "the count 3 sentence is not illegal." *Id.*

I find that Petitioner cannot ground the timeliness of his application on the 2018 Amended Judgment because that amendment is essentially a correction of a clerical error that does not reset the limitations period. The 1997 Amended Judgment, which Petitioner sought to correct pursuant to his 2018 3.800 Motion, was entered without explanation to amend the original, correctly entered 1996 Judgment. The 2018 Amended Judgment, contrary to Petitioner's contention, does not represent a new judgment for a second-degree felony offense of grand theft with a mask. DE 14 at 3. Rather, the 2018 Amended Judgment corrected Petitioner's record and restored the original judgment entered on July 19, 1996 that had properly reflected Count 3 as a second-degree felony. Thus, the 2018 Amended Judgment effectively extinguished the inexplicably-entered 1997 Amended Judgment and was essentially the equivalent of correcting a scrivenor's error in the written judgment. As such, the 2018 Amended Judgement does not restart Petitioner's limitation period. *Young*, 2012 WL 1605893 at n.2.

I find, therefore, that the instant Petition is untimely for several reasons. First, as Respondent correctly argues, Petitioner had until February 11, 1999 to timely file his petition for federal habeas relief and did not. DE 10 at 5. Second, as Respondent also notes, Petitioner presents no valid justification for failure to timely file a federal habeas petition attacking his convictions. *Id.* at 14-15. Third, Petitioner does not allege or demonstrate that he is entitled to equitable tolling of the one-year limitations period. *See Young*, 2012 WL 1605893 at *4 (finding that petitioner failed to demonstrate entitlement to federal habeas review through any recognized exception to the time bar). Fourth, to the extent that Petitioner alleges actual innocence, he has not supported such allegation with any evidence of his innocence. "An 'actual innocence' exception to the AEDPA's

one-year time limit, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt[ ] in light of the new evidence." *Young*, 2012 WL 1605893 at *4 (citing *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 2012 WL 630204, at *9 (11th Cir. Feb. 20 2012)).  Here, Petitioner presents no new reliable evidence for consideration.  Accordingly, for all of the aforementioned reasons, I conclude that the pending Petition is untimely.

## CONCLUSION

Because I find that the April 2, 2018 amended judgment did not restart the limitations period for purposes of federal habeas review, Petitioner has filed his § 2254 Petition after expiration of the one-year federal limitations period.  Furthermore, Petitioner fails to allege, let alone demonstrate, that an exception applies to the time bar.  Therefore, the Petition should be dismissed with prejudice as time-barred.

## CERTIFICATE OF APPEALABILITY

A habeas petitioner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal, and must obtain a certificate of appealability to do so, where "the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). However, when a district court has rejected a petitioner's claims on a procedural basis, "the petitioner must show that reasonable jurists would find debatable whether: (1) the district court was correct in its procedural ruling, and (2) the petition stated a valid claim of the denial of a constitutional right." *Morris v. Sec'y, Dep't of Corr.*, No. 18-13564-D, 2018 WL 11223139, at *1 (11th Cir. Dec. 6, 2018) (citing *Slack*, 529 U.S. at 484). A petitioner must satisfy both prongs. *Id.* (holding that "the district court properly found [petitioner's] § 2254 petition was time-barred" where the petition was filed approximately 40 years after the subject conviction became final, and no exception to the time bar applied).

Upon consideration of the record, I find that the Court should deny a certificate of appealability because reasonable jurists would not find a ruling that the Petition is time-barred to be debatable or wrong. Thus, Petitioner is unable to make the required showing to warrant issuance of a certificate of appealability. Notwithstanding, if Petitioner does not agree, Petitioner may bring this argument to the attention of the District Judge in objections to this Report.

Accordingly, I respectfully **RECOMMEND** as follows:

1. That the Petition for Writ of Habeas Corpus (DE 1) be **DISMISSED with prejudice** as time-barred.

2. That a certificate of appealability be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald M. Middlebrooks, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained

herein.  *LoConte v. Dugger*, 847 F.2d 745, 749—50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE  AND  SUBMITTED** in Chambers at Fort  Pierce,  Florida,  this  10th  day  of December, 2021.

_____

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE